IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JASON A. McCLIMAN, | ) | |
| Plaintiff(s), | ) ) | No. C 06-2498 CRB (PR) |
| vs. | ) ) | ORDER OF DISMISSAL |
| RICHARD J. KIRKLAND, et al., | ) ) | (Docs # 3 & 4) |
| Defendant(s). | ) ) | |

Plaintiff, a prisoner at Pelican Bay State Prison ("PBSP"), has filed a pro se civil rights complaint under 42 U.S.C. § 1983 alleging that he has received no vocational training since he arrived at PBSP on March 2005 due to the decision of the California Department of Corrections and Rehabilitation ("CDCH") to eliminate vocational programs at high security state prisons. Plaintiff seeks reinstatement of vocational training programs at California Level IV facilities such as PBSP.

Plaintiff also seeks appointment of counsel and leave to proceed in forma pauperis under 28 U.S.C. § 1915.

## DISCUSSION

A.  Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable

claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b).  Pro se pleadings must be liberally construed.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

B.     Legal Claims

Plaintiff's allegations must be dismissed for failure to state a claim for relief under § 1983.  It is well-established that there is no constitutional right to rehabilitation in prison.  See Rizzo v. Dawson, 778 F.2d 527, 530 (9th Cir. 1985) (no right to vocational course for rehabilitation).

## CONCLUSION

For the foregoing reasons, plaintiff's request to proceed in forma pauperis (doc # 3) is DENIED and the complaint is DISMISSED under the authority of 28 U.S.C. § 1915A(b)..

The clerk shall enter judgment in accordance with this order, terminate all pending motions as moot (see, e.g., doc # 4), and close the file.  No fee is due.

SO ORDERED.

DATED:  May 13, 2006

CHARLES R. BREYER
United States District Judge

2